CHAPIN FITZGERALD LLP
    Kenneth M. Fitzgerald, Esq. (SBN: 142505)
    kfitzgerald@cftriallawyers.com
    Curtis G. Carll, Esq. (SBN: 248470)
    ccarll@cftriallawyers.com
550 West "C" Street, Suite 2000
San Diego, California 92101
Tel: (619) 241-4810
Fax: (619) 955-5318

Attorneys for Plaintiff
Themis Bar Review, LLC

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Themis Bar Review, LLC,** *a Delaware limited liability company,*<br>　　　　　　　Plaintiff,<br>　v.<br>**Kaplan, Inc.,** *a Delaware corporation,*<br>　　　　　　　Defendant. | Case No.: '14CV0208 L    BLM<br><br>**Complaint For Declaratory Relief** |

1   Comes now the plaintiff, Themis Bar Review, LLC (hereinafter "plaintiff"
2  or "Themis"), which, for its Complaint against defendant, alleges as follows:

### Nature of Action

4   This is an action for declaratory relief under 28 U.S.C. § 2201(a), the
5  Declaratory Judgment Act, relating to substantive federal claims for false
6  advertising under the Lanham Act, 15 U.S.C. § 1125(a).

### Parties

8   1.   Plaintiff Themis Bar Review is a limited liability company, organized
9  and existing under the laws of the State of Delaware, with its principal place of
10 business at 320 W. Ohio St., Ste. 4W, Chicago, Illinois.  Themis provides online
11 bar examination preparation courses.

12  2.   Defendant Kaplan, Inc. (hereinafter "defendant" or "Kaplan") is a
13 corporation, organized and existing under the laws of Delaware, with its
14 registered principal place of business at 1015 Windward Ridge Pkwy., Alpharetta,
15 Georgia, and its working principal place of business in New York, New York.
16 Kaplan offers test preparation classes for a myriad of professional tests, including
17 bar examinations.

### Jurisdiction

19  3.   This Court has federal-question jurisdiction over this matter under 28
20 U.S.C. § 1331, because the substantive claim giving rise to this action for
21 declaratory relief arises under federal law, namely 15 U.S.C. 1125(a) for false
22 advertising.

23  4.   This Court has personal jurisdiction over the defendant because
24 defendant has sufficient minimum contacts with California such that defendant
25 could reasonably expect to be sued in this state and such personal jurisdiction does
26 not offend traditional notions of fair play and substantial justice.  These
27 minimum contacts include, but are not limited to, defendant: 1) selling its bar
28 review courses to law students in California, at law schools in California; 2)

placing its services and products into the stream of commerce such that they reach California; 3) employing representatives and employees in California; and 4) maintaining an interactive website viewed within California.

5. Venue in this district is proper under 28 U.S.C. § 1391 because defendant is subject to this Court's personal jurisdiction with respect to the claims in this suit, and a substantial part of the events giving rise to the substantive claim occurred in the Southern District of California.

**Facts**

6. Kaplan is one of two entrenched, high-cost providers of bar review courses in the United States. Kaplan, through a popular multistate bar examination ("MBE") prep course formerly known as PMBR, also provides workshops to prepare students exclusively for the MBE portion of the bar exam. Taking into account its PMBR-derived MBE course, Kaplan is a market-dominating provider in the bar preparation market. Historically, Kaplan's only significant competitor was BARBRI. For years, BARBRI and Kaplan enjoyed a market environment in which there was no meaningful competition, resulting in substantial profits at the expense of law students willing to expend significant sums to better their chances of passing the bar.

7. In the fall of 2008, Themis came into the bar review course market, and began offering an innovative new approach to bar exam preparation in the summer of 2009. Utilizing cutting edge instruction methodology, Themis offered law students a lower cost alternative to the entrenched bar review courses of Kaplan and BARBRI. The Themis course is taken online, streamlined and on-demand, based on concise, 20-minute chapters followed by assessment questions to help improve retention and recall of the material. Themis also provides every enrollee with a personal advisor, a licensed attorney who grades its students' essays and provides detailed feedback.

8. Currently, Themis charges its students $1,595 for complete preparation for the California bar exam. Based on the rates published on their public websites, BARBRI charges $4,350 and Kaplan charges $2,290.

9. Since it began offering effective bar review courses at significantly lower prices than its main competitors, Themis has steadily gained market share from Kaplan and BARBRI. Themis's growing success in the market has been earned through its unique and effective teaching methodology, its success in helping students pass the bar on their first attempt, its growing reputation for success in preparing students for the bar exam, its seamless delivery of on-demand instruction, and its economical price.

10. Apparently unable to counter Themis's success in the market, Kaplan recently launched a legal attack on its upstart competitor, leading to this dispute.

11. Because of Themis's success in helping students pass the bar, it proudly advertises the fact that its students taking the bar for the first time have higher pass rates than the general population of first-time bar examinees. Themis is the only major bar review company to publish its passing statistics in every jurisdiction. For reasons known only to Kaplan, Kaplan steadfastly refuses to release or publish the bar passing rates of its bar review customers.

12. The Themis advertisements relating to the rates at which its students pass their state bar exams are entitled "Higher Pass Rates." These advertisements, an example of which is attached as Exhibit A, say clearly and conspicuously that its published pass rates are "[b]ased on Themis first-time takers who completed 75% or more of their course assignments and on state bar exam first-time takers." Themis compares the pass rates of these students to the overall pass rate of first-time takers of the respective bar exam, which are generally published by each state. For Themis students who complete at least 75% of the Themis course, first-time pass rates are higher than the state average in every jurisdiction where Themis offers its courses.

13. There is no doubt as to whether Themis consumers (college educated law students and law school graduates) understand the Themis ads. Indeed, a popular website catering to law students and lawyers called Above the Law (abovethelaw.com) offers an annual summary of the features of commercial bar preparation providers such as Themis, Kaplan, and BARBRI as a service to its readers. Above the Law summarizes "the crucial analyzing variables" for each provider, which it believes are "cost, format, guarantees, discounts, and pass rate." On March 21, 2013, Above the Law noted that BARBRI's pass rate was "[o]fficially unpublished, [but] widespread rumors have reps suggesting a pass rate around 80%" and that Kaplan's pass rate was "[u]npublished." The website, using the same language as in Exhibit A, listed the Themis pass rate as 75% in California, 90% in New York, and between 87% and 100% in all other states, "[b]ased on Themis first-time takers who completed 75% or more of their course assignments and on state bar exam first-time takers."

14. Despite the clarity and truthfulness of the Themis ads, and in an anti-competitive effort to silence Themis and cleanse the market of any passing statistic information, Kaplan's General Manager and Vice President Steven Marietti wrote to Themis on January 22, 2014, accusing Themis of making "highly misleading" statements in its advertisements.

15. Mr. Marietti stated that Kaplan commissioned and completed a "consumer perception study" of this advertisement, which proved that "people don't understand that the pass rates are based on a subset of students and believe that the stated pass rate applies to all Themis students."

16. Mr. Marietti went on to state that in 2012 the Federal Trade Commission had taken action "against window companies who advertised that their windows saved consumers 'up to 47%' on their cooling and heating bills" for misleading advertising. Kaplan, he explained, used the methodology of the

1  FTC's insulated window ad study to analyze Themis's "Higher Pass Rates"
2  advertisement.
3     17.  In response to Kaplan's accusations of false advertising, Themis pointed
4  out that the insulated window ads at issue in the FTC case were fundamentally
5  different than the Themis ad, in that they were challenged by the FTC because
6  they stated and implied the windows would result in significant energy costs
7  savings, but the window manufacturers had no substantiation for those claims.
8  Themis pointed out that its ads are substantiated, and the basis for the passing
9  statistics in them is clearly explained in the ads themselves.  Mr. Marietti refused
10 to accept this explanation with a clear threat of a lawsuit for false advertising,
11 saying that he believed Themis had "misread our resolve on this issue."
12    18.  Kaplan's stated "resolve on this issue" is ironic, because Kaplan itself
13 makes heavy use of ads using the same communicative structure as the Themis
14 ads accused of being "highly misleading," except that Kaplan's leading ad is far
15 less clear than the ads of Themis.  Thus, on the home page of Kaplan's bar review
16 website, www.kaptest.com/Bar-Exam/Home, Kaplan proclaims in a large, bold
17 headline: "Kaplan Beats BARBRI – again*!"  No explanation of the basis for this
18 claim is included on this home page (attached hereto as Exhibit B), and no
19 explanation of the asterisk in this bold headline appears there.  On another page
20 devoted to this claim, www.kaptest.com/Bar-Exam/Home/survey-results.html,
21 Kaplan states that "[i]n July 2011 and July 2013 bar exam exit surveys, examinees
22 who took Kaplan rated Kaplan higher than BARBRI students rated BARBRI in
23 the following areas," followed by bullet points and bolded lettering for four areas
24 in which Kaplan purportedly "beats BARBRI," including overall value.  Beneath
25 those bullet points, Kaplan writes in a much larger and more distinct font to
26 match the original headline, "Kaplan Bar Review: Get the Edge."  Only below
27 that text does the advertisement reveal the meaning behind the asterisk attached
28 to the headline on its home page, and its "Kaplan Beats BARBRI – Again*!" page

(attached hereto as Exhibit C).  There, Kaplan states in small print: "*Based on exit survey of 1,973 July 2011 bar examinees and 1,250 July 2013 bar examinees who took bar review.  Surveys conducted at 24 randomly selected locations in states where Kaplan offers full service bar review.  Each respondent rated his/her primary bar review course.  2013 survey conducted by MMR Strategy Group."

19.  Despite advertising its purported superiority to BARBRI, based on a survey explained in a small asterisked explanation on a different page from the home page on which its superiority claim is prominently featured, Kaplan insisted to Themis that the use of any disclaimer by Themis, even one more prominent than the explanation in the Themis ads, would not change the purportedly misleading nature of the Themis ad, based on the consumer perception study Kaplan had conducted.

20.  Skeptical about the manner in which the Kaplan consumer perception study was conducted, and doubtful as to whether the survey respondents were appropriately screened for their education, Themis requested Mr. Marietti to send the survey itself, and the documents reflecting how it was conducted, including the method of selecting participants.  Mr. Marietti refused to provide these materials, saying that "while it would be my preference to resolve this amicably, we are prepared to take the next step." This clear threat of litigation, coupled with Kaplan's refusal to agree that the Themis ads are not misleading, led to the filing of this action.

**Claim for Relief**
**(Declaratory Relief)**

21.  Plaintiff incorporates by reference each and every allegation set forth above, as though fully set forth herein.

22.  Based on Kaplan's communications to Themis on January 22, 2014 and thereafter, an actual controversy has arisen and now exists between Themis and Kaplan relating to whether the Themis advertisement titled "Higher Pass Rates"

(Exhibit A) constitutes false advertising under 15 U.S.C. § 1125(a) [Lanham Act § 43(a)] and other governing law.  The Lanham Act prohibits false and misleading advertising, just as does Section 5 of the FTC Act, 15 U.S.C. § 45(a), the statute giving rise to the FTC's actions in the insulated window cases upon which Kaplan made its accusations against Themis.  Themis contends that its advertisements are truthful and not misleading, whereas Kaplan contends that the advertisements are "highly misleading."

23.   A declaration of the rights and obligations of the parties is necessary to resolve this dispute.

## Prayer for Relief

Wherefore, based on the allegations above, plaintiff prays for declaratory relief against defendants as follows:

1. That the Court declare the respective rights and duties as to plaintiff and defendant with regard to whether plaintiff's Exhibit A constitutes a violation of 15 U.S.C. § 1125(a), and find that plaintiff's Exhibit A and similar advertisements are not false or misleading and do not violate Section 43(a) of the Lanham Act or other governing law;
2. That plaintiff be awarded its costs, expenses, and attorney's fees incurred herein; and
3. For such other relief as the Court may deem just and proper.

Dated: January 30, 2014                         CHAPIN FITZGERALD LLP

By: /s/ Kenneth M. Fitzgerald
Kenneth M. Fitzgerald, Esq.
Curtis G. Carll, Esq.
Attorneys for Plaintiff